**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lali Sorrentino PIMENTEL,
Defendant–Appellant.**

No. 94–50079.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 23, 1994.*

Decided Aug. 30, 1994.

Yolanda M. Barrera, Los Angeles, CA, for defendant-appellant.

Spurgeon E. Smith, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges.

PER CURIAM:

Lali Sorrentino Pimentel appeals the 23-month sentence imposed after her convictions, following a jury trial, for one count of

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

conspiracy and eight counts of subscribing and presenting false statements in immigration amnesty applications in violation of 18 U.S.C. §§ 2(a), 371, 1546(a). She contends the district court erred by failing to group pursuant to U.S.S.G. § 3D1.2 all counts of conviction when calculating her offense level under the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

■ This is not the first time that this case has appeared before us on appeal of a sentencing issue. In a prior appeal, we affirmed Pimentel's conviction but vacated her sentence and remanded for further proceedings because it was unclear whether the district court had incorrectly concluded that it was without discretion to depart downward based upon Pimentel's extraordinary family circumstances. *See United States v. Pimentel,* No. 92–50097, unpublished memorandum disposition (9th Cir. Sep. 17, 1993) (*Pimentel I* ), 8 F.3d 32. The government argues that Pimentel's failure to raise the issue of improper grouping of counts in her first appeal prohibited her from arguing this issue following the remand from this court. Although the government's position is not correct as a general proposition, it is correct in the instant case.

■ A district court does not have unlimited authority to modify a sentence imposed upon a defendant. *United States v. Caterino,* 29 F.3d 1390, 1394 (9th Cir.1994); *United States v. Gomez–Padilla,* 972 F.2d 284, 285 (9th Cir.1992). In the instant case, the district court's authority arose under Fed. R.Crim.P. 35(a)(2), which permits modification of sentence "upon remand of the case to the [district] court ... for further proceedings if, after such proceedings, the court determines that the original sentence was incorrect."

We recognize that "our general practice ... is to vacate the *entire sentence* and remand for resentencing whenever we find that a sentence was imposed in excess of the sentencing court's authority." *Caterino,* 29 F.3d at 1394–95. In such cases, the district court is empowered to address all sentencing issues following remand. *See id.* at 1395. In *Pimentel I,* however, we expressly limited the scope of our remand to consideration of a single sentencing issue: whether, and to what extent, the district court would exercise its authority to depart based upon Pimentel's extraordinary family circumstances.

■ In light of this clear evidence that the scope of our remand was limited to the single sentencing issue raised in Pimentel's prior appeal, the district court was without authority to reexamine any other sentencing issues on remand. *See* Fed.R.Crim.P. 35(a)(2); *Caterino,* 29 F.3d at 1395 (holding that in absence of clear evidence to the contrary, defendant's entire sentence was vacated and all sentencing issues were open to reargument following remand). Accordingly, the district court did not err by declining to address on remand the question of whether Pimentel's counts of conviction were improperly not grouped when calculating her adjusted offense level.

**AFFIRMED.**