42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Wilford Henry NIECE, Defendant-Appellant.
 No. 93-6636.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1994.
 
 Before: GUY and BATCHELDER, Circuit Judges; and McKEAGUE, District Judge.*
 PER CURIAM.
 
 
 1
 This is the second appeal in this case. In the first appeal, this Court affirmed defendant Wilford Henry Niece's conviction for having transported a minor in interstate commerce for illicit sexual purposes, in violation of 18 U.S.C. Sec. 2423. United States v. Niece, 9 F.3d 110 (table), No. 93-5011, slip op., 1993 WL 424960 (6th Cir.1993) (per curiam). Because we found that one of five assignments of error was meritorious, however, we vacated the sentence and remanded for resentencing. Defendant-Appellant now contends the district court erred on resentencing by refusing to apply the sentencing guidelines then in effect, as required by 18 U.S.C. Sec. 3553(a)(4). For the reasons that follow, we affirm the sentence of the district court.
 
 
 2
 The threshold and, indeed, dispositive question concerns the meaning and effect of this Court's order vacating and remanding.
 
 
 3
 When the district court originally sentenced defendant on December 22, 1992, it applied the version of the guidelines that became effective on November 1, 1990, instead of the 1992 revised version, to avoid violating the ex post facto clause of the Constitution. Miller v. Florida, 482 U.S. 423, 431 (1987); United States v. Kussmaul, 987 F.2d 345, 351-52 (6th Cir.1993). Defendant did not object to this determination at the time and he was deemed to have waived his right to raise the objection for the first time on appeal. Niece, supra, slip. op. at 14. We also found no error in the district court's decision to increase the offense level based on "victim vulnerability" under U.S.S.G. Sec. 3A1.1. Id. at 18-19.
 
 
 4
 We concluded the district court had erred, however, when it increased the offense level by four levels based on "economic coercion" under U.S.S.G. Sec. 2G1.2. Specifically, we stated:
 
 
 5
 Without the four-level increase under Sec. 2G1.2, Mr. Niece's offense level would have been 22. The guideline range for this level, in the case of a person in Criminal History Category I, is imprisonment for 41-51 months. Mr. Niece having been sentenced to a term of 72 months, it appears that his sentence was at least 21 months too high.
 
 
 6
 Id. at 18. It was on this basis alone that we vacated the sentence. We refrained from addressing appellant's challenge to the fine imposed as unnecessary:
 
 
 7
 In view of the fact that a resentencing is required in any event, we need not address this claim. We shall vacate the sentence in its entirety, including the fine, and give the district court an opportunity to revisit the question of a fine under the newly-set offense level.
 
 
 8
 Id. at 20.
 
 
 9
 On resentencing, the district court construed our mandate narrowly, as essentially requiring resentencing within the guideline range of 41 to 51 months, as dictated by an offense level of 22 and criminal history category of I, pursuant to the 1990 version of the guidelines. The district court further understood that it was required, given the established offense level of 22, to make formal fact findings regarding defendant's ability to pay before imposing an appropriate fine. The district court understood that all other aspects of the original sentencing had been affirmed and considered it unnecessary and inappropriate to revisit any other aspects. The district court thus denied defendant's request to apply the 1993 version of the guidelines. Appellant contends the district court's application of incorrect guidelines is reviewable error per se.
 
 
 10
 Under 18 U.S.C. Sec. 3553(a)(4), a sentencing court is generally required to apply the sentencing guidelines in effect at the time of sentencing. See also U.S.S.G. Sec. 1B1.11(a); United States v. Clemons, 999 F.2d 154, 158 (6th Cir.1993). This rule has generally been held to apply on resentencing as well. See United States v. Fagan, 996 F.2d 1009, 1018 (9th Cir.1993) (collecting cases). As the district court held at the original sentencing, and we affirmed, an exception to this rule is recognized where amendments to the guidelines made after commission of a crime would result in punishment more severe than that provided for at the time the crime was committed. Another exception is recognized where the resentencing court's authority is explicitly limited by the appellate court's mandate. The "mandate rule" requires lower courts to adhere to the commands of a superior court. United States v. Moored, --- F.3d ----, No. 93-2230, slip. op. at 4-5, 1994 WL 592105 (6th Cir. Nov. 9, 1994). "The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." Id., p. 5, quoting United States v. Kikumura, 947 F.2d 72, 76 (3rd Cir.1991).
 
 
 11
 Thus, although many circuits have held that an order vacating a sentence and remanding for resentencing authorizes fully de novo resentencing, see Moored, collecting cases at p. 6, the appellate court may limit such authority by specific instruction. See e.g., United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994); United States v. Badaracco, 954 F.2d 928, 943-44 (3rd Cir.1992).
 
 
 12
 Here, the mandate returned to the district court is admittedly ambiguous. It contains language explicitly upholding portions of the sentence, language vacating it in its entirety, and specific instruction, impliedly based on the 1990 version of the guidelines, concerning the appropriate offense level and guideline range to be employed and fact findings to be made.
 
 
 13
 After careful review of this Court's earlier ruling, we conclude that the district court's construction of it is reasonable and proper. Although the remand order does not expressly direct the district court to apply the 1990 version of the guidelines, it contains implied limitation to this effect. Cf. United States v. Caterino, 29 F.3d 1390, 1394-95 (9th Cir.1994). In viewing its resentencing authority to have been narrowly circumscribed, the district court conscientiously considered the circumstances embraced by the opinion and appropriately implemented the letter and the spirit of the mandate. We find no error in the decision to apply the 1990 version of the guidelines under the circumstances of this case.
 
 
 14
 Accordingly, the judgment of sentence is AFFIRMED.
 
 
 
 *
 Honorable David W. McKeague, United States District Court for the Western District of Michigan, sitting by designation