53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Napoleon TELLIO, Defendant-Appellant.
 No. 94-50412.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED and T. G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following two remands for resentencing, Napoleon Tellio again appeals his sentence and the district court's refusal to allow him to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 I.
 
 3
 Tellio pled guilty to possession with intent to distribute approximately 306 kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to 252 months imprisonment. We affirmed the district court's decision to sentence the defendant as a minor (rather than minimal) participant, but vacated and remanded to allow the district court to make express findings regarding whether Tellio was properly held accountable for an additional amount of cocaine involved in other counts to which he did not plead guilty.
 
 
 4
 At resentencing Tellio attempted to withdraw his guilty plea, in part claiming ineffective assistance of counsel. The district court denied what it deemed an oral motion and imposed a sentence of 252 months based on 306 kilograms of cocaine. Tellio appealed. We vacated his sentence, concluding that the denial of allocution at the second sentencing was erroneous, but affirmed "[i]n all other respects."
 
 
 5
 On remand Tellio filed a written motion to withdraw his guilty plea. The motion was again denied and Tellio was resentenced to 210 months imprisonment.
 
 II.
 
 6
 Tellio complains that the district court erred in denying his motion to withdraw his guilty plea without affording him an evidentiary hearing. He contends that his plea was induced by prior defense counsel's misrepresentations. In a declaration filed with the motion, Tellio claims that his prior counsel represented that if he did not plead guilty he would be sentenced to life in prison, and, that by agreement with the government, he would be sentenced to between ten and twelve years if he pleaded guilty. Tellio's eleventh hour declaration is in direct conflict with his previous sworn statements that he (1) understood the possible penalty for his crime was between 10 years and life imprisonment, and (2) had not been promised any particular sentence.
 
 
 7
 In our last decision we concluded that, based on the record before us, there were "no facts [that] tended to show ineffective assistance of counsel or [that] would have warranted an evidentiary hearing on the claimed right to withdraw the guilty plea." Our remand was for the limited purpose of allowing Tellio and his counsel to address the district court regarding (1) the selection of a point in the sentencing range and (2) a downward departure. The district court was without authority to reexamine Tellio's claimed right to withdraw his guilty plea. See United States v. Pimentel, 34 F.3d 799, 800 (9th Cir. 1994) (remand on single sentencing issue limited district court's authority to that one issue), cert. denied, 115 S. Ct. 777 (1995); Herrington v. County of Sonoma, 12 F.3d 901, 904-05 (9th Cir. 1993) ("rule of mandate allows a lower court to decide anything not foreclosed by the mandate"). The district court properly denied Tellio's motion without granting him an evidentiary hearing.
 
 III.
 
 8
 Tellio argues that the district court erred in concluding that it was without authority to depart downward from the Sentencing Guidelines. He contends that a downward departure was appropriate because his role in the crime was limited to surveying a parking lot for the presence of police.
 
 
 9
 A district court's discretionary decision not to depart downward from the Sentencing Guidelines is not reviewable on appeal. United States v. Eaton, 31 F.3d 789, 792 (9th Cir. 1994). However, "[i]f the district court rests its decision not to depart downward on a determination that it does not have the authority to do so, we treat that decision as an interpretation of the Sentencing Guidelines and review it de novo." Id. at 793.
 
 
 10
 At resentencing, the district court stated that it did not "believe that a downward departure is available." We need not decide whether by this statement the district court erroneously concluded that it was without authority to depart downward. The district court's previous refusal to grant Tellio a four level "minimal participant" decrease in offense level demonstrates that it would not have departed from the Sentencing Guidelines on this basis. Its refusal to depart downward is therefore not reviewable. Eaton, 31 F.3d at 793 (If "the court indicates that it would not depart even if it could, the sentence is not reviewable.").
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3