70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William L. SMASAL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Stanley LUCAS, Defendant-Appellant.
 Nos. 95-30080, 95-30081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William L. Smasal and Joseph Stanley Lucas appeal their sentences imposed following our remand for resentencing in United States v. Lucas, Nos. 93-30237, 93-30239 (unpublished disposition) (9th Cir. July 14, 1994) (Lucas I ). They contend that the district court erred in conducting only a limited review of their sentences on remand. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We expressly limited the scope of our remand in Lucas I to resentencing without a two-level upward adjustment for use of a firearm in connection with a drug offense: "[W]e affirm in part and remand with instructions to the district court to vacate appellants' sentences and resentence them without the two-level enhancement under U.S.S.G. Sec. 2D1.1(b)(1). We affirm appellants' sentences in all other respects." See Lucas I, Nos. 93-30237, 93-30239, unpublished disposition at 8. Accordingly, the district court properly concluded that it was without authority to consider any other sentencing issues on remand.[1] See United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because our remand in Lucas I was limited to resentencing without the two-level enhancement under U.S.S.G. Sec. 2D1.1(b)(1), we decline to consider Lucas's contentions that the district court erred in sentencing him under the D-methamphetamine guidelines and in failing to grant him an evidentiary hearing on this issue