114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Lee HALLOCK, true name is: Joe Lee Hallock,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas GRAHOVAC, Defendant-Appellant.
 No. 96-50226, 96-50239 and 96-50304.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided May 19, 1997.
 
 1
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI, Judge*.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 We vacate Joe Lee Hallock's sentence and remand for resentencing.
 
 A.
 
 4
 The district court abused its discretion when it ordered Hallock to pay $5 million in restitution. A restitution order must be supported by some evidence the defendant may be able to pay the amount fixed. See United States v. Ramilo, 986 F.2d 333, 335 (9th Cir.1993). Although the district court found that Hallock would be able to earn a good living, it also found Hallock would be unable to pay a large amount of restitution. (ER 39, 40-41.) Despite this finding, the district court ordered Hallock to pay a large amount, remarking that Hallock might receive an unforeseeable windfall. (ER 39.) That possibility cannot be the basis for a restitution order. See Ramilo, 986 F.2d at 335.
 
 B.
 
 5
 The government concedes that Hallock's sixty-four month sentence exceeds the sixty month maximum sentence for five of his seven counts of conviction, and suggests a limited remand. As a general rule, when the district court imposes a sentence in excess of its statutory authority, we vacate the entire sentence and remand for de novo resentencing. United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994). The government has given us no reason to depart from this general rule.
 
 II.
 
 6
 We affirm Thomas Grahovac's sentence.
 
 A.
 
 7
 The district court resolved all the disputed factual issues at Grahovac's sentencing. The court clearly found that Grahovac was a manager or supervisor in the fraudulent scheme. (ER 156-57.) It also found that Grahovac knew about the fraudulent scheme in December 1991 and was responsible for investments made after that date. (ER 159.)
 
 B.
 
 8
 The district court did not abuse its sentencing discretion or violate Grahovac's due process rights when it found that he knew about the fraudulent scheme in December 1991. Although investor Fred Borszcz may have been an unreliable witness, his relevant statements were corroborated. Cf. United States v. Hanna, 49 F.3d 572, 578 (9th Cir.1992).
 
 
 9
 During the criminal investigation of B.H. Rothchild & Gray, Ltd., Borszcz stated that he asked Grahovac about the factoring program in December 1991 and Grahovac gave him a very positive report. (ER 61, 85-86.) Borszcz made a similar statement in a letter to Grahovac before the criminal investigation began and before Borszcz had a motive to lie. (ER 76.) Joy Bouwkamp, Hallock, and David Marcoulides also stated that Grahovac knew about the factoring program in December 1991. Presentence Report pp 118, 140; SER 85.
 
 C.
 
 10
 The district court did not clearly err when it found that Grahovac was a manager or supervisor in the fraudulent scheme. The persons over whom a supervisor or manager exercises control must have been criminally responsible for the offense but need not have been convicted. U.S. Sentencing Guidelines Manual § 3B1.1 note 1 (1995).
 
 
 11
 Grahovac exercised control over others involved in the commission of the offense. He supervised Del Conrad when Bouwkamp and Hallock were out of the office. (SER 143.) He managed the Ocean Best Seafood & Trading Inc. plants, and Ocean Best employees responded to his orders that they make the plants "look busy" when potential investors toured them. (SER 134, 137.)
 
 D.
 
 12
 We have no jurisdiction to review the district court's decision not to depart downward on the ground that Grahovac's reduced mental capacity contributed to the commission of the crime. See United States v. Zweber, 913 F.2d 705, 707 (9th Cir.1990). The district court recognized it had the discretion to depart downward but chose not to do so. (ER 140, 150.)
 
 
 13
 Appellant Grahovac's sentence is AFFIRMED. Appellant Hallock's sentence is VACATED and REMANDED for resentencing.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3