133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gene Marion LeFAVE, Defendant-Appellant.
 No. 96-50618.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1998.**
Decided Jan. 13, 1998.
 
 Appeal from the United States District Court for the Central District of California. Robert J. Timlin, District Judge, Presiding.
 Before: LAY,*** GOODWIN, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant Gene LeFave ("LeFave"), the owner of a small family-owned glue business, pled guilty to illegally disposing pollutants. He now appeals his 46-month sentence. Specifically, he argues that the district court erred in applying three federal sentencing guidelines: (1) 2Q1.2 (dumping hazardous wastes); (2) 3B1.4 (using a minor to commit an offense); and (3) 3B1.1(c) (being the leader or organizer of criminal activity). We have jurisdiction pursuant to 18 U.S.C. § 3742 and affirm regarding the first two applications, but reverse regarding the third. Accordingly, we vacate LeFave's sentence and remand for resentencing.
 
 I.
 
 3
 LeFave argues that the district court erred in sentencing him under § 2Q1.2, which assumes that the defendant disposed of "hazardous" wastes, because (1) he pled guilty to dumping only non-hazardous wastes and (2) the hazardous wastes recovered existed at the dumpsites before LeFave's dumping. We reject LeFave's argument.
 
 
 4
 First, undisputed evidence demonstrated that 9 or 10 barrels recovered by the government contained hazardous waste; thus, LeFave could be sentenced under § 2Q1.2 because his "relevant conduct" included the dumping of hazardous wastes. See § 1B1.1 (stating that the term "offense" as used in the guidelines "means the offense of conviction and all relevant conduct under § 1B1.3 ") (emphasis added).
 
 
 5
 Second, the government produced sufficient evidence linking LeFave to the hazardous waste drums. On appeal, LeFave points to absolutely no evidence that all of the "hazardous" waste pre-existed his dumping. Nothing in the record, therefore, indicates that the district court's factual findings were clearly erroneous.
 
 
 6
 LeFave next asserts that the district court erred in enhancing his sentence under § 3B1.4 on the ground that he "used" a minor his grandson Benjamin, to commit his offense. We hold that the district court did not abuse its discretion in enhancing LeFave's sentence pursuant to this guideline. Although LeFave's mere awareness of Benjamin's participation in the dumping would not have supported application of the guideline, LeFave's payments to Benjamin of overtime pay for performing work that LeFave knew included the illegal dumping suffices to support the district court's conclusion that LeFave encouraged Benjamin's conduct.
 
 III.
 
 7
 Finally, LeFave argues that because the government failed to demonstrate that he exercised control over others in committing the crime, the district court erred in enhancing his sentence pursuant to § 3B1.1(c). The government counters that the district court's holding was correct because, as the owner of the business, LeFave "was responsible for the financial day-to-day operations of the Company, including the handling and disposal of hazardous wastes ... and supervising his employees," and he was aware of his employees' actions. We agree with LeFave that the enhancement contravened this court's precedent that ownership of a company and knowledge of the offense is not sufficient to establish an organizational role in the offense. We therefore hold that the district court clearly erred in enhancing LeFave's sentence under § 3B1.1(c).
 
 
 8
 Guideline 3B1.1(c) provides for a two-level enhancement if the defendant was "an organizer, leader, manager, or supervisor" of criminal activity. Settled circuit precedent dictates that an adjustment pursuant to § 3B1.1(c) "is justified when the government shows by a preponderance of the evidence that the defendant 'exercised some control over others involved in the commission of the offense or [was] responsible for organizing others for the purpose of carrying out the crime.' " United States v. Alonso, 48 F.3d 1536, 1545 (9th Cir.1995) (quoting United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993) (quoting United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990))). The government must demonstrate that the defendant managed or exercised control over other persons; simply managing a business where the crime is committed is not enough. United States v. Varela, 993 F.2d 686, 692 (9th Cir.1993); Hoac, 990 F.2d at 1110; Mares-Molina, 913 F.2d at 773.[1]
 
 
 9
 LeFave's actions did not satisfy this settled standard. Every piece of evidence at the sentencing hearing showed that LeFave's son, Louis, organized and managed the waste dumping, and that, somewhere along the line, LeFave became aware of the practice and let it continue. After LeFave found out about the dumping, he was sometimes present when drums were selected at the warehouse to be dumped. But the testimony established that LeFave was usually in the office--aware of the activity but in no way organizing it or controlling it.[2]
 
 
 10
 The fact that LeFave was present when some of the drums were picked out for dumping does not establish an organizational role. See Hoac, 990 F.2d at 1110-11 (reversing as clearly erroneous enhancement under § 3B1.1(c) because defendant's assistance in placing heroin in cans for shipping did not establish control or organizational role). Nor does LeFave's ownership of the company and his knowledge of, and technical responsibility for, the actions of his employees justify the enhancement. See United States v. Tamez, 941 F.2d 770, 777 (9th Cir.1991) (reversing as clearly erroneous enhancement under § 3B1.1(c) because defendant's ownership of business and property upon which crime was committed and his knowledge of criminal activity was not enough to establish organizational role); Mares-Molina, 913 F.2d at 773-74 (reversing as clearly erroneous enhancement because court "cannot conclude that [a defendant] organized or controlled his coconspirators within the meaning of § 3B1.1(c) merely because he was the owner of the trucking business which leased the warehouse in which the cocaine was off-loaded").
 
 CONCLUSION
 
 11
 We affirm the district court regarding the utilization of the "hazardous waste" guideline and the "using a minor" enhancement, but reverse with respect to the leadership-role enhancement. LeFave's sentence is VACATED and the case is REMANDED for resentencing in accordance with this memorandum. The scope of our remand is limited to a correction of the erroneous enhancement under § 3B1.1(c). See Fed.R.Crim.P. 35(a)(1); United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994) (per curiam), cert. denied, 513 U.S. 1102 (1995).
 
 
 
 **
 The panel finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 **
 * The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 To the extent that United States v. Leibman, 40 F.3d 544, 547-48 (2d Cir.1994), the case upon which the government principally relies, is inconsistent with this rule, it does not represent the law in this circuit. This court expressly has "rejected the notion," apparently accepted by the Leibman court, "that for purposes of § 3B1.1, it [is] sufficient to 'manage ... a business' " where the criminal activity occurs. See, e.g., Varela, 993 F.2d at 692 (quoting Mares-Molina, 913 F.2d at 774) (Rymer, J., dissenting))
 
 
 [2]
 The only indication that LeFave did anything more than condone the criminal activity appears in the transcript of the entering of LeFave's guilty plea. When the court asked the government to state what it would have expected to prove at trial regarding the counts to which LeFave was pleading guilty, the assistant U.S. attorney described his entire case. In the midst of three pages of reported text describing the facts surrounding the crimes, he stated that "LeFave not only directed but also was aware that Louis LeFave and other employees" were dumping waste. At the end of the government's speech, the court asked LeFave if he "agree[d] with the statements." LeFave answered, "I do." All of the direct evidence offered at LeFave's extensive sentencing hearing, however, demonstrated that Louis organized and controlled the dumping scheme and that LeFave was merely aware of that activity. Accordingly, the defendant's pro-forma agreement with the government's description of its entire case is clearly not enough to establish by a preponderance of the evidence that LeFave organized or managed the criminal activity