**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Abdul Razzaq M. DAAS, Defendant–Appellant.**

**No. 00–10645.**

**D.C. No. CR–97–00574–1–GEB.**

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 18, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

Abdul Razzaq M. Daas appeals his 63–month sentence, imposed following our remand in *United States v. Daas,* 198 F.3d 1167, 1180–81 (9th Cir.1999). Daas was convicted of distributing ephedrine and pseudoephedrine with reasonable cause to believe they would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(2) (1998). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Daas first contends that the district court erred because, in departing downward based on a sentencing disparity between similarly situated co-defendants, it refused to consider a disparity created by his co-defendants' U.S.S.G. § 5K1.1 departure for substantial assistance. This

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

contention is unavailing, because we lack jurisdiction to review the extent of a downward departure. *United States v. Riggins,* 40 F.3d 1055, 1058 (9th Cir. 1994).

Daas next contends that the district court failed, on resentencing, to consider the factors set forth in 18 U.S.C. § 3553(a). We decline to address this contention, because the scope of our remand was limited to the sole issue of a downward departure based on sentencing disparity. *See United States v. Pimentel,* 34 F.3d 799, 800 (9th Cir.1994) (per curiam) (concluding that, because scope of remand was limited to single sentencing issue raised in prior appeal, district court was without authority to reexamine any other sentencing issues on remand).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.