UNITED STATES of America,
Plaintiff–Appellee, Cross–
Appellant,

v.

Luis MAGALLANES–MARTINEZ,
Defendant–Appellant. Cross–
Appellee.

Nos. 99–50790, 00–50039.

D.C. No. CR–99–0261 LEW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2002.*

Decided March 19, 2002.

Before KOZINSKI and GOULD, Circuit
Judges, and BREYER,** District Judge.

### MEMORANDUM***

■ Magallanes–Martinez argues the
district court's finding that he was deport-
ed following a conviction for an aggravated
felony violated the United States Supreme
Court's decision in *Apprendi v. New Jer-
sey,* 530 U.S. 466, 120 S.Ct. 2348, 147
L.Ed.2d 435 (2000). As he candidly ad-
mits in his reply, however, his argument is
foreclosed by *United States v. Pacheco–
Zepeda,* 234 F.3d 411 (9th Cir.2000), *cert.
denied,* 532 U.S. 966, 121 S.Ct. 1503, 149
L.Ed.2d 388 (2001). This Court reviews
for abuse of discretion a district court's

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** The Honorable Charles R. Breyer, United
States District Judge for the Northern District
of California, sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts in this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

decision to depart downward. *See United States v. Banuelos–Rodriguez,* 215 F.3d 969, 972 (9th Cir.2000) (en banc). Nonetheless, "an abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction. A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (citation omitted). A district court may not depart from an applicable sentencing guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).

■ Magallanes–Martinez again candidly admits that the district court's departure in order to "accommodate the taxpayers" was an error of law. The cost of incarcerating Magallanes–Martinez is not a mitigating circumstance with regard to Magallanes–Martinez or his crime. *See Banuelos–Rodriguez,* 215 F.3d at 973. Nor is it a circumstance not adequately taken into consideration by the Sentencing Commission. Accordingly, the sentence must be vacated.

■ The only disputed issue on this appeal, then, is whether, on remand, the district court may reconsider Magallanes–Martinez's arguments for a downward departure. The government urges us to remand the case for resentencing within the undisputed applicable guideline range of 77 to 96 months. We recently confirmed, however, that

as a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record—that is, without limitation on the evidence that the district court may consider. On re-

mand, the district court generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo.

*United States v. Matthews,* 278 F.3d 880, 885 (9th Cir.2002) (en banc) (citations omitted); *see also United States v. Pimentel,* 34 F.3d 799, 800 (9th Cir.1994) (per curiam) ("[O]ur general practice ... is to vacate the *entire sentence* and remand for resentencing whenever we find that a sentence was imposed in excess of the sentencing court's authority.") (internal quotations and citations omitted). While we have discretion to limit the scope of issues considered by the district court after remand, *see Matthews,* 278 F.3d at 889, we see no reason to depart from our general practice in this case.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED to the district court for resentencing consistent with this memorandum.