UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles William COOK, Defendant–
Appellant.

No. 01–50269.
D.C. No. CR–98–02268–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2002.

Decided April 23, 2002.

---

Before HAWKINS and FISHER, Circuit Judges, and WEINER,* District Judge.

### MEMORANDUM **

Charles William Cook was convicted by a jury of transporting and possessing material involving the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(1) and (a)(4)(B). A jury found him guilty on both counts and Cook was originally sentenced to 87 months in prison and 3 years of supervised release. His sentence included a 4–level upward adjustment pursuant to U.S.S.G. § 2G2.2(b)(3) because the material portrayed sadistic conduct. A Ninth Circuit panel reversed and remanded for "resentencing, limited to reconsideration, in light of this memorandum, of the upward adjustment." *United States v. Cook,* 246 F.3d 676 (9th Cir.2000).

On remand, the district court decided that the § 2G2.2(b)(3) adjustment was justified. The court then departed downward 8 levels under § 5K2.0, sentencing Cook to 37 months in prison. Five days later, the government filed a motion for reconsideration. The next day, Cook filed his notice

of appeal in the morning and the court held an afternoon hearing on the government's motion. The court determined that the 8–level downward departure was impermissible and, pursuant to Federal Rule of Criminal Procedure 35(c), changed the sentence back to 87 months in prison. We reverse and remand with instructions to reconsider only whether the § 2G2.2 departure is warranted in this case.

As a preliminary matter, we note that Cook is wrong that the district court lacked jurisdiction to modify the sentence merely because Cook had already filed his notice of appeal. "The filing of a notice of appeal ... does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(c)...." Fed. R.App. Proc. 4(b)(5); *Cf. United States v. Nash,* 115 F.3d 1431, 1441 (9th Cir.1997).

Rule 35(c) permits the correction of a sentence that was "imposed as a result of ... clear error." Fed. R.Crim. Proc. 35(c). The government contends that the district court committed clear error by exceeding the scope of the Ninth Circuit's limited remand. We review de novo the district court's compliance with the mandate, *United States v. Kellington,* 217 F.3d 1084, 1092 (9th Cir.2000), and we agree that the language of the previous memorandum disposition precluded the district court from considering any issue other than the § 2G2.2 departure. By entertaining Cook's request for a § 5K2.0 departure, the district court exceeded its authority and committed clear error. *See United States v. Pimentel,* 34 F.3d 799, 800 (9th Cir.1994). The court properly utilized Rule 35(c) to correct this clear error.

---

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Because we hold that the limited remand forbade the district court from granting the § 5K2.0 departure, we decline to address the government's argument that the district court was not entitled to take Cook's post-conviction rehabilitation into account in granting the 8–level downward departure.

Cook maintains that the district court failed to comply with Federal Rule of Criminal Procedure 32(c)(1) and that it clearly erred in finding that the relevant material portrayed sadistic conduct. A sentencing court's compliance with Federal Rule of Criminal Procedure 32 is reviewed de novo. *See United States v. Herrera–Rojas*, 243 F.3d 1139, 1142 (9th Cir.2001). A district court's factual findings in the sentencing phase are reviewed for clear error. *United States v. Caperna*, 251 F.3d 827, 830 (9th Cir.2001).

■ We need not—and indeed cannot—decide whether the district court clearly erred in its factual finding because the government conceded Rule 32 error at oral argument. The government was forced to so concede because it could not ascertain which images the district court was looking at when the court made its factual finding as to the § 2G2.2 enhancement. Although the district court described the images before it, the court never identified those images by name. Accordingly, the government cannot supply us with the relevant images and we cannot meaningfully review the factual finding. Therefore, we reverse and remand with instructions to the district court to identify by name the images upon which it bases its § 2G2.2 ruling.

■ Cook claims that due process required the district court to use a clear and convincing standard, rather than a preponderance of the evidence standard, in making its finding that at least two images of children portrayed sadistic conduct. We review de novo the constitutionality of a sentence imposed under the Sentencing Guidelines. *United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir.2000). Here, disregarding the 8–level downward departure, the 4–level upward adjustment changed the base offense level from 25 to 29. This increased Cook's potential sentence by 30 months—from a sentence of 57 months, the bottom of the lower sentencing range (57—71 months), to 87 months, the bottom of the higher sentencing range (87—105 months). The median of Cook's sentencing range increased by 33.5 months, from 64 months (57—71 months) to 97.5 months (87—105 months). This 4–level increase did not have "an extremely disproportionate effect on the sentence relative to the offense of conviction." *United States v. Johansson*, 249 F.3d 848, 853 (9th Cir.2001). Therefore, the district court properly utilized a preponderance of the evidence standard.

In sum, we hold that the district court violated Rule 32(c)(1) by failing adequately to identify the images upon which it based the § 2G2.2 enhancement. Accordingly, we reverse and remand with instructions to reconsider only the § 2G2.2 departure. On remand, in articulating its factual findings, the district court should identify any relevant images by name.

**REVERSED** and **REMANDED** for further proceedings.