**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Pedro GUTIERREZ-RAZON, Defendant-Appellant.**

**No. 01-50012.**

**D.C. No. CR-97-00304-SVW-01.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002.*

Decided May 29, 2002.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**MEMORANDUM** \*\*

Pedro Gutierrez–Razon appeals his 188–month sentence imposed following our remand for resentencing in *United States v. Gutierrez–Razon*, No. 98–50380, 229 F.3d 1160 (9th Cir.2000) (unpublished memorandum disposition). Gutierrez–Razon was convicted by guilty plea to conspiracy to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm.

Gutierrez–Razon contends that the district court violated Federal Rule of Criminal Procedure 32(c)(1) by failing to resolve his objections to the presentence report before rejecting his request for a minor role reduction.

We decline to address this contention because the scope of our remand was limited to the sole issue of Gutierrez–Razon's role for purposes of the safety valve under U.S.S.G. § 5C1.2(4). *See United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir.1994) (per curiam) (concluding that because of the limited scope of our remand, the district court was without authority to reexamine any other sentencing issues on remand).

**AFFIRMED.**

---

1. We reject the government's argument that we lack jurisdiction over this appeal. *See Weygandt v. Look*, 718 F.2d 952, 953 (9th Cir.1983) (per curiam) (stating that 28 U.S.C. § 1291 vests the court of appeals with appellate jurisdiction over all final decisions of the district court).