**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Lee RIES, Defendant–Appellant.**

**No. 01–10057, 01–10212.**

**D.C. No. CR.–F–95–5174 OWW.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2002 *.

Decided Sept. 17, 2002.

Before PREGERSON, ALARCON, and WARDLAW, Circuit Judges.

v.

**David Lee RIES, Defendant–Appellant.**

**No. 00–10242, 00–10288.**

**D.C. No. CR.–F–95–5174 OWW.**

United States Court of Appeals,
Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App. P. 34(a)(2).

Submitted Sept. 11, 2002*.

Decided Sept. 17, 2002.

Before PREGERSON, ALARCON, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Following our remand for resentencing in *United States v. Hopper*, 177 F.3d 824 (9th Cir.1999), David L. Ries again appeals his conviction and sentence.

In *Hopper*, we affirmed Ries' conviction, but concluded that the district court should not have included interests and penalties in calculating the amount of loss for sentencing purposes. *Hopper*, 177 F.3d at 832. That was the sole ground upon which remand was granted as to Ries. *Id.* On remand, the district court corrected the error and resentenced Ries to 78 months, down from 87 months. Ries now argues that the district court erred in relying on the wrong version of the Sentencing Guidelines and requiring his sentence to run consecutively with a sentence arising out of another federal criminal action. The former argument was not raised to the district court and was therefore waived. *See United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir.1991). The latter argument was considered and rejected by this court in *Hopper*, 177 F.3d at 834, and, at any rate, there is no indication that the district court abused its discretion in imposing a consecutive sentence. *See United States v. Otis*, 127 F.3d 829, 834 (9th Cir.1997).

Ries mounts a number of other challenges to his conviction and sentence, but the district court properly did not address them on the limited remand, and we therefore lack the authority to address them now. *See United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir.1994) (per curiam).

All pending motions are denied as moot.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.