MEMORANDUM **
Petitioner Daniel Cachay-Soriano (“Ca-chay-Soriano”), a native and citizen of Peru, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) affirming an immigration judge’s (“IJ”) denial of his application for asylum and withholding of removal. Because the parties are familiar with the facts and procedural history of the case, we repeat only those facts necessary to resolve the issues raised on appeal. We deny the petition for review.
1. The BIA did not exceed the scope of the remand when it addressed Cachay-Soriano’s credibility. On remand, the BIA is limited to the issues discussed in the remand order only where the order clearly limits the BIA to those issues. See Mendez-Gutierrez v. Gonzales, 444 F.3d 1168, 1172-73 (9th Cir.2006). See also United States v. Kellington, 217 F.3d 1084, 1092-93 (9th Cir.2000) (courts on remand are generally free to address “anything not foreclosed by the mandate”). Here, while the prior panel instructed the BIA to address Cachay-Soriano’s social group and the possibility of relocation, the remand order did not clearly limit the BIA to those issues. Also, given that the BIA found Cachay-Soriano not credible on remand, there was no need for the BIA to also address the social group and relocation issues.
Further, Cachay-Soriano’s credibility was already at issue given the IJ’s adverse credibility determination. Both Mendez-Gutierrez and United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994), a case cited by Mendez-Gutierrez and by the dissent, concerned cases where a party was raising a new issue or argument for the first time on remand. The Mendez court found that where the BIA refused to address a new issue on remand,
The proper method ... to raise this argument would have been to file a motion to reconsider with the Board.... A contrary conclusion would allow petitioners carte blanche to raise any new issues on our remand, regardless of whether the issues could have or should have been raised before, and without giving *527 the discretion to the Board that a motion to reconsider or to reopen would afford.
Mendez-Gutierrez, 444 F.3d at 1172-73.[1] In contrast, here Caehay-Soriano’s credibility was already at issue, as the IJ had previously found him not credible.
Further, while a Ninth Circuit panel may presume that the BIA found a petitioner credible when the BIA makes no credibility determination and does not reserve this issue, Briones v. INS, 175 F.3d 727, 730 (9th Cir.1999) (en banc), the prior panel did not address Cachay-Soriano’s credibility. See Cachay-Soriano v. Holder, 329 Fed.Appx. 163 (9th Cir.2009). Nor does the Briones rule apply to the BIA on remand, even assuming the prior panel presumed that the BIA found Cachay-Soriano credible. A Ninth Circuit panel may make such a presumption as “[a]ny other conclusion would result in unwarranted second-guessing on our part and the injection of new issues that the BIA did not raise below.” Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986) (citing Canjura-Flores v. INS, 784 F.2d 885, 888-89 (9th Cir.1986)). In contrast, the BIA may review the record de novo and make its own findings of fact, including credibility determinations, id., and thus there are clearly no concerns of second-guessing that would make the Briones presumption applicable to the BIA on remand.
2. Substantial evidence supports the BIA’s adverse credibility determination based on inconsistencies between Ca-chay-Soriano’s original and final asylum applications and inconsistencies between his account and his sister’s account of the two attacks. “So long as one of the identified grounds [for the adverse credibility determination] is supported by substantial evidence and goes to the heart of the claim of persecution,” we must accept the adverse credibility determination. Tekle v. Mukasey, 533 F.3d 1044, 1051-52 (9th Cir.2008) (quoting Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003)). Further, in pre-REAL ID Act cases, minor inconsistencies may support an adverse credibility determination where they are accompanied by other indicia of dishonesty and when the applicant admits lying under oath. Kaur v. Gonzales, 418 F.3d 1061, 1066-67 (9th Cir.2005).
Here, Cachay-Soriano testified that he knew the entry date he listed on his original asylum application was false and knew he was under oath yet still swore that the contents of his application were true. Such admission is substantial evidence supporting the BIA’s adverse credibility determination, notwithstanding the fact that Cachay-Soriano claims he was just doing what his attorney’s secretary told him to do. See id. This is not a case where the attorney who prepared the asylum application may have “stretched the facts without informing” the asylum applicant. See Garrovillas v. INS, 156 F.3d 1010, 1014 (9th Cir.1998).
The omission of the second attack from Cachay-Soriano’s initial asylum application is also substantial evidence in support of the BIA’s adverse credibility determination. Cachay-Soriano does not argue that this initial omission was due to the failure of his counsel, instead testifying that he discussed the second attack with his counsel’s secretary before his asylum interview but the secretary never prepared a supplemental statement regarding that attack. *528 Further, Cachay-Soriano does not point to any case law holding that an inconsistency may not be the basis of an adverse credibility determination where the petitioner corrects the inconsistency prior to the IJ hearing and then testifies consistently with the correction.
The inconsistencies between Cachay-So-riano’s testimony and his sister’s testimony regarding who was injured in the first attack and why he was attacked are also substantial evidence for the BIA’s adverse credibility determination. Though his sister was not present when the first attack occurred, she arrived at the scene shortly thereafter, and the detail regarding who was injured in the first attack goes to the heart of Cachay-Soriano’s claim. Further, Cachay-Soriano’s explanation that his attackers demanded to know the location of his brother-in-law is completely at odds with his sister’s testimony that the attackers beat him because they mistook him for his brother-in-law.
The inconsistency regarding the timing of the second attack is also substantial evidence in support of the BIA’s adverse credibility determination. Caehay-Sori-ano’s sister testified that 1) she found out about the attack after calling her brother’s home and 2) it occurred after she entered the U.S. in July 1993 or 1994. In contrast, Cachay-Soriano testified that the second attack occurred in March 1998. Such inconsistency regarding this pivotal event clearly goes to the heart of his claim.
3. In light of the BIA’s determinations regarding Cachay-Soriano’s credibility, the denial of his asylum application was supported by substantial evidence. Given that Cachay-Soriano has not met the lower standard for asylum, he has failed to meet his burden of proof for withholding of removal. See Al-Harbi v. INS, 242 F.3d 882, 888-89 (9th Cir.2001) (citing, inter alia, INS v. Cardoza-Fonseca, 480 U.S. 421, 449-50, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Pimentel explained in sentencing cases, “ 'our general practice ... is to vacate the entire sentence and remand for resentencing whenever we find that a sentence was imposed in excess of the sentencing court’s authority,’ " and "[i]n such cases, the district court is empowered to address all sentencing issues following remand.” 34 F.3d at 800 (quoting United States v. Caterino, 29 F.3d 1390, 1394-95 (9th Cir.1994)).