KORMAN, District Judge,
dissenting:
Daniel Cachay-Soriano, a native and citizen of Peru, initially petitioned for review of an order of the Board of Immigration Appeals (“BIA”) dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum and withholding of removal. While the IJ had made a credibility finding adverse to Cachay-Soriano, the BIA accepted Ca-chay-Soriano’s testimony as credible. AR 102. Indeed, it summarized the transcript containing the threats directed at, and the public beating of, Cachay-Soriano, and it affirmed the decision of the IJ based solely on its finding that “the failure of respondent to establish a nexus between his circumstances in Peru and one of the protected grounds [was] dispositive of [the] matter.” AR 102.
In considering Cachay-Soriano’s petition for review we presumed that the issue of petitioner’s credibility had been resolved in his favor. Cachay-Soriano v. Holder, 329 Fed.Appx. 163 (9th Cir.2009). This presumption was consistent with the practice that we follow when a BIA “decision is silent on the issue of credibility, and the Board has fully explained the rationale behind its decision[.]” Damaize-Job v. I.N.S., 787 F.2d 1332, 1338 (9th Cir.1986). Under these circumstances, “we ... presume that the Board found the petitioner credible, and proceed to review the Board’s decision.” Id.
Consistent with our practice, we then “remand[ed] to the BIA to consider whether Cachay-Soriano was targeted on account of his membership in a particular social group consisting of family members of his brother-in-law.” Cachay-Soriano, 329 Fed.Appx. 163. Moreover, because *529 “the BIA failed to address whether internal relocation is reasonable and it is unclear whether internal relocation is a question of fact, subject to clear error review by the BIA, or a question of law, subject to de novo review by the BIA, ... we remand[ed] on this issue as well.” Id.
On remand, the BIA did not address either of these two issues. Instead, at the urging of the Department for Homeland Security, it affirmed the initial decision of the IJ because it found no clear error in the credibility determinations by the IJ. Nevertheless, the majority holds that “[t]he BIA did not exceed the scope of its remand when it addressed Cachay-Sori-ano’s credibility” for the first time on remand because “the BIA is limited to the issues discussed in the remand order only where the order clearly limits the BIA to those issues.” This holding overlooks the manner in which we have applied the rule limiting the scope of the BIA’s authority on remand. We have never held that the our remand order must in haec verba limit the scope of the BIA’s authority on remand.
Mendez-Gutierrez v. Gonzales, 444 F.3d 1168 (9th Cir.2006), is directly on point. When the petitioner’s appeal from the order of the BIA was before us we “grantfed] the petition and remand[ed] to the BIA for reconsideration of whether Mendez-Gutierrez ha[d] established a pri-ma facie case of eligibility for asylum.” Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 870 (9th Cir.2003). On remand, the BIA addressed the issue described in the remand order. Nevertheless, the petitioner attempted to raise other issues that were beyond the scope of the remand and the BIA declined to do so, precisely for that reason. Gonzales, 444 F.3d at 1172-73. On appeal, we upheld the BIA’s interpretation of the scope of its authority on remand. Id.
We began by observing that “[wjhether the Board is bound by the scope of our remand appears to be a question of first impression for this and other circuits.” Id. at 1172. In addressing this issue, we observed that “in both civil and criminal cases,” we have held “that a district is limited by this court’s remand in situations where the scope of the remand is clear.” Id. The criminal case upon which we relied was United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994). There, “we had remanded Pimentel’s sentence to the district court for a determination whether and to what extent to depart from the sentencing guidelines based on Pimentel’s family circumstances.” Gonzales, 444 F.3d at 1172 (citing Pimentel, 34 F.3d at 800). Nevertheless, on remand, Pimentel argued for the first time that the district court erred by failing to group the counts of conviction when calculating the offense level. We held that, “[i]n light of [the] clear evidence that the scope of our remand was limited to the single sentencing issue raised in Pimentel’s prior appeal, the district court was without authority to reexamine any other sentencing issues on remand.” Id. (quoting Pimentel, 34 F.3d at 800).
The holding in Pimentel was consistent with Twentieth Century Fox Film Corp. v. Entertainment Distributing, 429 F.3d 869, 883 (9th Cir.2005), in which we vacated the district court’s grant of summary judgment on the plaintiffs’ copyright infringement claim as to one particular issue. The district court restricted the scope of the trial in a manner consistent with the scope of the remand. Id. On appeal, we rejected plaintiffs’ argument that the district court erred by restricting the scope of the trial on remand. Id. at 882-83 In rejecting that argument we held that “[t]here is nothing in our prior decision that indicates that we issued an open remand. Rather, in re *530 manding to the district court, our opinion contemplates a trial to resolve the only-remaining genuine issue of material fact.” Id. at 888.
Relying on Pimentel and Twentieth Century Fox, as well as other cases, we concluded in Mendez-Gutierrez v. Gonzales that “there is no justification to treat the Board differently from the ■ district court when we issue a limited remand. Both are operating pursuant to an order of this court requiring specific actiom The Board, like the district court, has no power to expand our remand beyond the boundary ordered by our court.” Gonzales, 444 F.3d at 1178.
There may be occasions where either the district court or the BIA considers and decides the issues that it was directed to address in the order of remand and there remain other issues that need to be resolved. The resolution of those collateral issues may be appropriate even if they do not come within the strict language of the order of remand. See, e.g., United States v. Kellington, 217 F.3d 1084, 1094 n. 11 (9th Cir.2000) (compiling cases). This is not such a case, if only because the BIA did not consider the issues that it was directed to address. Instead, it relied on a credibility finding which our prior decision assumed to have been resolved in Cachay-Soriano’s favor.
The order on remand in this case cannot be distinguished from the order in Mendez-Gutierrez. In both cases, the remand was ordered for consideration of specific legal issues in virtually identical language. In Mendez-Gutierrez, we affirmed the BIA’s refusal to consider issues beyond the single issue that we asked it to consider on remand. Id. at 1172-73. In the present case, the BIA ignored its own prior decision in Mendez-Gutierrez, as well as the order of remand in this case. Notwithstanding the obvious similarity between the orders of remand in Mendez-Gutierrez and this case, the majority affirms the BIA. Only one fact is different. In Mendez-Gutierrez, it was the alien who sought unsuccessfully to expand the issue on remand. Id. at 1172. In the present case, it was the Department of Homeland Security which successfully sought to expand the issues on remand. Our case law provides no justification for such disparate treatment. I believe there should be one rule for both. I would grant the petition and remand the case to the BIA to resolve the issues that we directed it to consider in our prior order.