**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50165 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-02863-W-2 |
| v. | |
| JOHN PATRICK VESCUSO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted July 30, 2021[**]
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,[***] District
Judge.

John Vescuso appeals his thirty-three-month custodial sentence and a

$555,640 forfeiture judgment imposed after his conviction for conspiracy to steal

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

government property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the forfeiture judgment.

This is not the first time we have considered the district court's forfeiture order. In *United States v. Vescuso*, 783 F. App'x 666 (9th Cir. 2019), we concluded that the district court erred by imposing a forfeiture judgment of $555,640—"the entirety of the loss suffered by the government"—without determining whether Vescuso "actually acquired the entirety of that amount" as opposed to his co-conspirator. *Id.* at 669; *see Honeycutt v. United States*, 137 S. Ct. 1626, 1635 (2017). We therefore remanded for the district court to "determine the amount of money Vescuso 'himself actually acquired as the result of the crime'" and "to amend the forfeiture judgment, if necessary." *Vescuso*, 783 F. App'x at 669 (quoting *Honeycutt*, 137 S. Ct. at 1635). On remand, the district court again imposed a $555,640 forfeiture judgment. The court reasoned that Vescuso had "actually acquired" the full $555,640 because he was the co-conspirator who initially acquired the funds and who "decided . . . what money would be distributed, [and] how it would be distributed" between the co-conspirators.

As the government concedes, the district court erred by imposing the same forfeiture judgment on remand. A co-conspirator can be ordered to forfeit only the amount of money that "came to rest with him as a result of his crimes." *United States v. Thompson*, 990 F.3d 680, 691 (9th Cir. 2021). Because Vescuso and his

2

co-conspirator shared the proceeds of the conspiracy, the full $555,640 did not "come to rest" with Vescuso. *See id.* We therefore reverse the forfeiture judgment. We remand to the district court to determine the amount of the $555,640 that "came to rest" with Vescuso and to amend the forfeiture judgment accordingly. *See id.* (remanding where the district court "made no findings establishing how the loot was divided among the conspirators").[1]

Contrary to Vescuso's contentions, the district court did not err by refusing to modify Vescuso's custodial sentence. On remand, a "district court does not have unlimited authority to modify a sentence imposed upon a defendant." *United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir. 1994) (per curiam). In particular, when we "expressly limit[] the scope of our remand to consideration of a single sentencing issue," the district court may not "reexamine any other sentencing issues on remand." *Id.* Here, our remand was limited to the forfeiture issue and solely "to determine the amount of money Vescuso himself actually acquired as the result of the crime." *Vescuso*, 783 F. App'x at 669 (internal quotation marks and citation omitted). Therefore, the district court properly concluded that it had "no jurisdiction to resentence Mr. Vescuso." *See Pimentel*, 34 F.3d at 800. We therefore reject Vescuso's argument that the district court was required to consider "changed

---

[1] We note that the district court here did not have the benefit of our opinion in *Thompson*, 990 F.3d 680, at the time of the remand hearing.

3

circumstances" purportedly affecting his custodial sentence—and to allow Vescuso to allocute regarding these circumstances—on remand. *See United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) (explaining that the rule of mandate is jurisdictional in the Ninth Circuit and a district court "is limited by this court's remand in situations where the scope of the remand is clear") (citation omitted).[2]

Finally, Vescuso requests that we remand his case to a different district judge because the district court asserted that it would "still resentence to 33 months" if it were able to modify Vescuso's custodial sentence. But Vescuso's custodial sentence was, and is, outside the scope of our remand. *See Pimentel*, 34 F.3d at 800. Because Vescuso fails to allege that the district judge "would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous" or that "reassignment is advisable to preserve the appearance of justice" with respect to the *forfeiture* judgment, we "stand by our general rule" and remand to the original sentencing judge. *United States v. Waknine*, 543 F.3d 546, 559–60 (9th Cir. 2008) (internal quotation marks and citations omitted).

**REVERSED** and **REMANDED.**

---

[2] Vescuso also contends that the district court erred by failing to submit the government's forfeiture request to a jury. As he recognizes, Supreme Court case law forecloses this argument. *See Libretti v. United States*, 516 U.S. 29, 49 (1995) (holding that "the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection").

4