UNITED STATES of America,
Plaintiff—Appellee,

v.

Anthony Jerome THOMPSON,
aka Antoine, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Michael Sallis, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Kendal Ray Williams, Defendant—
Appellant.

Nos. 03–30416, 03–30465, 03–30466.
D.C. No. CR–99–00112–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided June 24, 2004.

C. Ed Laws, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiffs–Appellees.

June Lord, Esq., Great Falls, MT, Wendy Holton, Esq., Helena, MT, Daniel Buckley, Foust Buckley Law Office, Bozeman, MT, for Defendants–Appellants.

Before PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Appellants, Anthony Jerome Thompson, Michael Sallis and Kendal Ray Williams, appeal their sentences imposed after remand from this court. We have jurisdiction pursuant to 18 U.S.C. § 2422(a). We reverse and remand for resentencing, in part, and affirm, in part.

### A. Anthony Thompson

■ Thompson challenges the district court's finding during sentencing that R.K. was vulnerable. In remanding Thompson's sentence, we had noted that "[a]n enhancement for victim vulnerability still would be appropriate if the district court makes a finding of unique vulnerability in the particular circumstances." *United States v. Johnson,* 44 Fed.Appx. 752, 758 (9th Cir.2002). We also require that a defendant "knew or should have known" that the victim was unusually vulnerable. *See United States v. O'Brien,* 50 F.3d 751, 756 (9th Cir.1995). The district court failed to make either finding adequately regarding Thompson's sentence.

Generally, factual findings underlying sentence enhancements must be supported by a preponderance of the evidence. *United States v. Riley,* 335 F.3d 919, 925 (9th Cir.2003). Although the sentencing court may adopt the factual findings of the presentence report, it may not adopt conclusory statements unsupported by facts. *United States v. Navarro,* 979 F.2d 786, 789 (9th Cir.1992). Here, the record does not provide facts to support the court's conclusion that R.K. was vulnerable at the time Thompson attempted to recruit her

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

into prostitution. The record also fails to establish that, even if she were vulnerable, that Thompson knew or should have known of that vulnerability.

R.K.'s family problems and abuse occurred before her encounter with Thompson. By the time Thompson attempted to recruit her, R.K. was nineteen years old, married, off drugs for almost two years, and no longer a prostitute. The Presentence Investigative Report (the "PSR") presented no other evidence that the trauma earlier in her life continued to plague her. In fact, R.K. was able to tell Thompson and the others to leave her alone.[1] Furthermore, R.K. and Thompson appeared to be acquaintances, at most. No evidence exists that Thompson knew or should have known of R.K.'s alleged vulnerability. The record thus does not support enhancing Thompson's sentence for victim vulnerability regarding R.K.

B. Kendal Williams

■ As with Thompson, Williams argues that he neither knew nor should have known of R.K.'s vulnerability. Unlike with Thompson's sentence, however, the record supports the court's findings regarding Williams' sentence.

Williams met R.K. in October 1996, when she was fifteen and was living as a runaway on the streets of Billings, Montana. The PSR indicates that R.K.'s mother attempted suicide in R.K.'s presence and that an individual sexually abused her, locked her in a closet, and forced intravenous drugs on her. After R.K. began working for Williams as a prostitute, they traveled around the country together by car. These trips provided Williams ample opportunity to discover any vulnerabilities that R.K. possessed. *See, e.g., United States v. Mendoza,* 262 F.3d 957, 962 (9th Cir.2001) (concluding that the knowledge requirement was satisfied because the defendant had dealt with each victim personally). Accordingly, the district court did not err in concluding either that R.K. was unusually vulnerable or that Williams knew or should have known of this vulnerability.

Williams also complains that the district court erred in sentencing him to 204 months for Count X, which involved S.S. He argues that the court failed to group that count with other counts involving S.S. The record shows, however, that the court did properly group these counts together.

C. Michael Sallis

■ Sallis raises several challenges to his sentence. He first argues that the district court erred in finding that he had coerced K.M. by providing drugs to her.[2] Under U.S.S.G. § 2G1.1(b)(1), a district court may increase the defendant's offense level by four if the offense involved the use of coercion. Coercion applies "in a case in which the ability of the victim to appraise or control conduct was substantially impaired by drugs or alcohol." U.S.S.G. § 2G1.1 cmt. n.2. The application notes go on to state, however, that "[i]n the case of

---

1. We also reject the government's "reloading" argument, as the government never raised the issue below and the district court made no such finding.

2. We note that our remand order did not prevent Sallis from challenging the court's upward departure for coercion under U.S.S.G. § 2G1.1(b)(1). *Compare United States v. Pimentel,* 34 F.3d 799, 800 (9th Cir. 1994) (concluding that the scope of remand was limited to a single sentencing issue and that the district court thus lacked authority to reexamine any other sentencing issues on remand), *with United States v. Washington,* 172 F.3d 1116, 1117–18 (9th Cir.1999) (concluding that the mandate neither prohibited adjustments to the base offense level nor proscribed a departure).

an adult victim, rather than a victim less than 18 years of age, this characteristic generally will not apply if the drug or alcohol was voluntarily taken." *Id.* The question, therefore, is whether the facts here take this case out of the "general" coercion cases.

Sallis was an active participant in K.M.'s addiction. The record indicates that he strictly controlled K.M.'s access to money, which, in turn, controlled her access to drugs. Thus, while prostitution provided K.M. an easy means to get drugs, Sallis provided those means. He did so to his financial advantage. The district court, therefore, did not clearly err in concluding that Sallis had coerced K.M. for purposes of U.S.S.G. § 2G1.1(b)(1).

■ Sallis next argues that the district court erred in departing upward for extreme conduct against victim L.B. He does not dispute that he physically abused L.B. and thus does not contest the court's upward departure for "the use of physical force" under U.S.S.G. § 2G1.1(b)(1). Rather, Sallis challenges the court's use of that same conduct to enhance his sentence for "extreme conduct" under U.S.S.G. § 5K2.8. The Guidelines, however, expressly contemplate such a dual upward departure.

Section 2G1.1 of the Guidelines provides an enhancement only for physical force that "anticipates no bodily injury." U.S.S.G. § G1.1 cmt. n.2. The application notes of that section state that "if bodily injury results, an upward departure may be warranted" and refer to Chapter 5, Park K of the Guidelines. U.S.S.G. § 2G1.1 n.2. Section 5K2.8, in turn, allows for an upward departure for "extreme conduct," which includes "torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." After examining the record, we conclude that it supports the district court's conclusion that

Sallis "inflict[ed] gratuitous physical and emotional abuse upon his victims to ensure their continued participation in prostitution activity."

■ Finally, Sallis contends that his conduct was not unusual enough to place it outside the "heartland" of a typical prostitution case. *See Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). While violence might be endemic to prostitution, the conduct here nevertheless was extreme and repeated. This record of physical abuse was enough for the district court to find that it was outside the "heartland" of prostitution cases. The district court therefore did not err in departing upward.

D. Conclusion

We REVERSE the vulnerable victim enhancement in Thompson's sentence and REMAND for resentencing. We AFFIRM Sallis's and Williams' sentences.