**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael SALLIS, Defendant–Appellant.**

**No. 06–30045.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2007.*

Filed Feb. 13, 2007.

Marcia Good Hurd, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Wendy L. Holton, Esq., Helena, MT, for Defendant–Appellant.

Before: BEEZER, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM **

Michael Sallis appeals the district court order reimposing his 180–month sentence for four violations of the Mann Act, 18 U.S.C. §§ 2421–2424. We have jurisdiction over Sallis's late appeal because the government did not oppose the untimely filing. *See Eberhart v. United States,* 546 U.S. 12, 126 S.Ct. 403, 407, 163 L.Ed.2d 14 (2005) (per curiam).

This is Sallis's third appeal. In *United States v. Johnson,* 44 Fed.Appx. 752 (9th Cir.2002) (unpublished decision), we reversed several of Sallis's counts of convic-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

tion and remanded for re-sentencing on the four remaining counts. The district court imposed four 180–month sentences, to run concurrently, and Sallis appealed again. After we affirmed, *see United States v. Thompson,* 102 Fed.Appx. 617 (9th Cir.2004) (unpublished decision), the Supreme Court granted Sallis's petition for a writ of certiorari in light of its intervening decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and vacated his sentence, *Sallis v. United States,* 543 U.S. 1110, 125 S.Ct. 1036, 160 L.Ed.2d 1041 (2005). We then remanded to the district court a second time with instructions to apply *Booker* and *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). Without soliciting input from Sallis or the government, the district court entered an order in which it concluded that it would not have imposed a materially different sentence had it known the United States Sentencing Guidelines were advisory.

In this appeal, Sallis argues that the district court erred by not first soliciting the parties' written arguments. The Government agrees and acknowledges that, under *United States v. Montgomery,* 462 F.3d 1067, 1069 (9th Cir.2006), we must remand for further proceedings. "[O]n *Ameline* remand a district court must obtain, or at least solicit, the views of counsel in writing before deciding whether re-sentencing is appropriate." *Id.* Accordingly, we remand for further proceedings consistent with *Ameline.*

**REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.