SENTENCE OF IMPRISONMENT VACATED AND REMANDED.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**John Ernest DADE, Defendant—
Appellant.**

No. 03–30496.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2005.*

Decided June 29, 2005.

James M. Peters, Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

David V. Finlayson, Salt Lake City, UT, for Defendant–Appellant.

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM **

John Ernest Dade appeals his conviction following a jury trial, of threatening interstate communications, interstate stalking, use of a firearm in relation to a violent crime, and two counts of interstate domestic violence.

■ 1. Viewed in the entire context of the trial, the alleged prosecutorial misconduct did not seriously affect the "fairness, integrity, or public reputation of judicial proceedings" or "result in a miscarriage of justice." *See United States v. Geston,* 299 F.3d 1130, 1135 (9th Cir.2002) (citation omitted). Because the evidence of guilt was overwhelming in this case, the prosecutor's comparison of Dade to a "September 11th terrorist," even if erroneously allowed, does not warrant reversal. However, in a case where the evidence of guilt is less powerful, such a statement might result in reversal. *See United States v. Weatherspoon,* 406 F.3d 636, 644–45 (9th Cir.2005).

2. We disagree with Dade's contention that the district court committed plain error by failing to conduct a pre-trial foundational examination of evidence regarding tacit omissions. Stipulation to a fact at trial constitutes waiver of a challenge to it

on appeal, and in this case, the stipulation between the parties obviated the need for any judicial oversight of the evidentiary admissions. *See Yeti By Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1108–09 (9th Cir.2001); *see also United States v. Lancellotti,* 761 F.2d 1363, 1368 (9th Cir.1985).

■ 3. Admission of expert testimony regarding battered women's syndrome was proper because it assisted the jury in understanding the victim's unusual behavior toward Dade. *See United States v. Rahm,* 993 F.2d 1405, 1411 (9th Cir.1993) (noting that the proper inquiry is whether the expert's testimony "will assist the trier of fact.") (citation omitted). *Cf. Estelle v. McGuire,* 502 U.S. 62, 68–69, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (allowing probative testimony on battered child syndrome).

4. Admission of evidence of prior bad acts for the limited purpose of showing Dade's intent and the victim's state of mind was proper under *United States v. Montgomery,* 150 F.3d 983, 1000–01 (9th Cir.1998), and the court gave appropriate limiting instructions. Under these circumstances, no abuse of discretion occurred. *See United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1062–63 (9th Cir.2004).

5. Neither of the exceptions to the general rule against direct review of ineffective assistance claims pertains in this case. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003). Accordingly, we decline to review Dade's ineffective assistance of counsel claim. *See id.*

6. The district court properly concluded that the gun and ammunition found in

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Dade's truck was admissible into evidence because it was seized incident to a valid arrest and was subject to inevitable discovery. *See United States v. McLaughlin*, 170 F.3d 889, 891–92 (9th Cir.1999); *see also United States v. Cannon*, 29 F.3d 472, 478 n. 6 (9th Cir.1994).

7. In applying United States Sentencing Guidelines § 2A6.2, the district court engaged in fact-finding that increased Dade's base offense level. Therefore, Dade's sentence is vacated and remanded to the district court for further proceedings in light of *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir.2005) (en banc).

CONVICTION AFFIRMED. SENTENCE VACATED AND REMANDED.