**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

DEANGELO DOMINGO DAVIS,
              *Defendant-Appellant.*

No. 06-10527

D.C. No.
CR-98-00114-FCD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Argued and Submitted
March 10, 2008—San Francisco, California

Filed March 19, 2008

Before: Stephen Reinhardt, John T. Noonan, and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Matthew M. Robinson, Robinson & Brandt, P.S.C., Cincinnati, Ohio, for the defendant-appellant.

McGregor W. Scott, United States Attorney, and William S. Wong, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellee.

**OPINION**

PER CURIAM:

We issued a limited remand in this case with instructions to the district court to take two specific actions: 1) strike the conviction and the sentence as to count four; and 2) determine, in accordance with *United States v. Ameline*, 409 F.3d

1073 (9th Cir. 2005) (en banc), whether the district court would have imposed the same sentence had it been aware that the Sentencing Guidelines were advisory rather than mandatory. *See United States v. Davis*, 138 F. App'x. 914, 915 (9th Cir. 2005).

On remand, the district court struck the conviction and the sentence as to count four. The court also declared that it would not have imposed a different sentence on Davis had it known that the Sentencing Guidelines were advisory. The district court then went on, however, to reconsider Davis's sentence as to count three, increasing it substantially.

**[1]** Where this court expressly limits the scope of remand, the district court is without authority to reexamine other sentencing issues on remand. *United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir. 1994). In this case, the district court exceeded its authority when it increased Davis's sentence on count three. We therefore vacate Davis's sentence and instruct the district court to reimpose his original sentence, except that no sentence shall be imposed on count four. No adjustment shall be made with respect to any other count.[1]

**VACATED AND REMANDED** for the sole purpose of resentencing as provided in this opinion.

---

[1]Because the district court lacked authority to resentence Davis except in accordance with the instructions contained in the limited mandate, we do not consider Davis's other challenges to the sentence.