**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Ernest DADE, Defendant–**
**Appellant.**

**Nos. 06–30499, 06–30623.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2008.[*]

Filed April 22, 2008.

James M. Peters, Esq., Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Greg S. Silvey, Esq., Kuna, ID, for Defendant–Appellant.

Before: REINHARDT, TASHIMA, and McKEOWN, Circuit Judges.

MEMORANDUM [**]

John Ernest Dade did not challenge his sentence on his first appeal, but now challenges the reasonableness of the sentence imposed by the district court. Because this appeal follows a limited *Ameline* remand, *see United States v. Dade ("Dade I"),* 136 Fed.Appx. 973, 975 (9th Cir.2005), pursuant to which the district court did not disturb its original sentence,[1] we review

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. As the district court stated, "[t]he sentence is exactly the same as that previously imposed."

only whether the district court understood its "powers and responsibilities under an advisory Guidelines system." *United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006); *see also United States v. Thornton,* 511 F.3d 1221, 1228 (9th Cir.2008); *United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc). Because the district court made plain that it understood its power under an advisory Guidelines system when it reimposed Dade's original sentence, we affirm the sentence.

Dade also appeals from the denial of his motion for a new trial. We must first consider whether the district court had jurisdiction to consider such a motion, given the limited remand. We read the limited *Ameline* remand as limiting the district court's authority to consider new challenges to the sentence, but not necessarily limiting the district court's authority to consider non-sentencing issues, such as a motion for a new trial based on newly discovered evidence. *See Combs,* 470 F.3d at 1297 ("The limited remand procedure left no room for the district judge to consider new objections to the original sentence."); *United States v. Davis,* 519 F.3d 926, 927 (9th Cir.2008) (holding that on an *Ameline* remand, "the district court is without authority to reexamine other *sentencing issues* on remand" (emphasis added)). Moreover, the district court had an independent source of jurisdiction, separate from the mandate, to consider the motion for new trial. *See United States v. Ross,* 372 F.3d 1097, 1105 (9th Cir.2004) (holding that Rule 33 provides an independent source of jurisdiction even when the remand did not vest the district court with jurisdiction to consider issues beyond resentencing). We thus apply the general rule that "although lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate'...." *United States v. Kellington,* 217 F.3d 1084, 1092 (9th Cir. 2000) (quoting *Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir.1993)). Thus, the motion for a new trial was properly before the district court and is properly before us. *See Ross,* 372 F.3d at 1105.

Nevertheless, Dade's motion fails on the merits. To prevail on a motion for new trial based upon newly discovered evidence, Dade must show that: "(1) the evidence is newly discovered; (2) failure to discover the evidence sooner was not due to lack of diligence; (3) the evidence was material to trial issues; (4) the evidence was not cumulative or merely impeaching; and (5) a new trial, if granted, would probably result in acquittal." *See United States v. George,* 420 F.3d 991, 1000 (9th Cir.2005); *see also* Fed.R.Crim.P. 33. Nothing in Dade's motion for a new trial, however, leads us to revisit our earlier conclusion that "the evidence of guilt was overwhelming in this case." *See Dade I,* 136 Fed.Appx. at 974. Thus, Dade, at the very least, failed to show that a new trial, if granted, would probably result in acquittal. Thus, the district court did not abuse its discretion in denying his motion for a new trial.

**AFFIRMED.**